UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL DAVIS | CIVIL ACTION |
| VERSUS | NO. 26-00385 |
| SHERIFF SUSAN HUTSON, ET AL. | SECTION "L"(3) |

### ORDER AND REASONS

*Pro se* plaintiff, Lionel Davis, is an inmate currently incarcerated at the Orleans Justice Center in New Orleans, Louisiana. He filed the above-captioned 42 U.S.C. § 1983 complaint against the defendants Sheriff Susan Hutson and P. Toledano regarding the conditions of his confinement. Davis requests that he be allowed to proceed in this matter as a pauper pursuant to 28 U.S.C. § 1915.[1] Davis also requests additional time in which to file a certified copy of his trust fund account statement, although he simultaneously provided it.[2]

The Prison Litigation Reform Act provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Davis, a frequent litigant in federal court, has filed numerous civil actions

---

[1] R. Doc. 6.
[2] R. Doc. 7; R. Doc. 6 at 1–2.

while incarcerated.[3] The Court's records establish that at least three of his prior § 1983 complaints were dismissed as frivolous, malicious, and/or for failure to state a claim.[4] These dismissals include the following: *Bailey v. Foti, Jr., et al.*, No. 89-1083 "F"(1) (E.D. La. 1989); *Davis v. McMorris, et al.*, No. 96-0273 (M.D. La. 1996); *Davis v. Stalder*, 95 F.3 45 (5th Cir. 1996). He has therefore accumulated three "strikes" under the PLRA.

Because of this, Davis cannot proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g). To meet the imminent danger requirement, the threat must be "real and proximate" and based on fact, not conjecture. *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019); *Valdez v. Bush*, No. 08-148, 2008 WL 4710808,*1 (N.D. Tex. Oct. 24, 2009) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the complaint is filed. *Cloud v. Stotts*, 455 F. App'x 534, 534 (5th Cir. 2011). The exception in the statute refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger

---

[3] Lionel (or Lionell) Davis is also known as Lionell Bailey, as confirmed by cross-referencing his prison identification number as well as his date of birth.

[4] Davis answered "No" under penalty of perjury to the following question on the complaint form, "Have you had any previously filed lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court?" R. Doc. 5 at 2.

reasonably be described as 'imminent.' "); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis... .").

The Court finds that Davis's complaint fails to demonstrate that he is in imminent danger of serious physical injury. Consequently, Davis is not entitled to proceed *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act.

Finally, the Court notes that 30 other prisoners signed an exhibit to Davis's complaint.[5] These prisoners did not sign the complaint form nor were they named in the case caption or the designated space on the form for listing parties to the lawsuit.[6] Further, nothing on the exhibit signed by the other prisoners indicates their intent nor consent to join the suit as plaintiffs or their knowledge of or involvement in the claims being asserted. Rather, the first page of the exhibit signed simply states "PLEASE PRINT YOUR NAME, FOLDER NUMBER, DATE OF BIRTH AND DATE OF ARREST BELOW."[7] Additionally, none of the other prisoners submitted a pauper application.

Certainly, Davis cannot function as counsel for other prisoners to pursue relief on their behalf. In federal courts, individuals have the right to represent

---

[5] R. Doc. 5 at 6–8. Some of the names and inmate numbers are illegible and/or do not include a date of birth.
[6] *Id.* at 1, 3, 5.
[7] *Id.* at 6.

themselves or proceed *pro se*. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authority)); 28 U.S.C. § 1654 ("the parties may plead and conduct their own cases personally or by counsel"). Furthermore, a party may appear before this Court as a *pro se* litigant or through counsel admitted to practice in Louisiana. Local Rule 11.1. In this instance, there is no provision for a *pro se* litigant to be represented by someone who is not admitted to practice in this Court.

Moreover, pursuant to 28 U.S.C. § 1915(b), "if a prisoner brings a civil action…, the prisoner shall be required to pay the full amount of the filing fee. As one court explained,

> Prisoners cannot evade the plain language of the Act, and the clear intent of Congress, by the simple expedient of filing multi-party actions, hoping thereby to gain the benefits of litigation without paying the full fee required by the Act. For example, if the present case were filed as requiring a single filing fee, and this fee was apportioned equally among the nine named plaintiffs, each plaintiff would be liable for the sum of $38.89. This does not comport with the plain language of 28 U.S.C. § 1915(b)(1), which says that "if a prisoner brings a civil action ... the prisoner shall be required to pay the full amount of a filing fee."
>
> Furthermore, the Court notes that 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement" of a civil action or appeal. If all of the plaintiff-prisoners are allowed to be joined in one *in forma pauperis* lawsuit, then one of two results will necessarily ensue. Either each plaintiff will not be required to pay the full amount of a filing fee, thus violating Section 1915(b)(1), or each plaintiff will be required to pay the full amount of a filing fee, which would mean that the total filing fee collected in the case would far exceed the amount of fees permitted by statute for the commencement of the case, which would violate Section 1915(b)(3).

*Jenkins v. Livingston*, No. 6:09cv560, 2010 WL 1740785, at *1 (E.D. Tex. Jan 14,

4

2020), *adopted*, 2010 WL 1740784 (E.D. Tex. April 29, 2010).

Here, as stated, none of the other prisoners signed the complaint form as required by Fed. R. Civ. P. 11(a) and L.R. 11.1. Further, it is far from clear whether the other prisoners intend to join in this lawsuit. Moreover, the Court cannot decipher some of the names and inmate numbers of the prisoners included on the exhibit and has no way of determining whether they are still housed at OJC. Therefore, to the extent that any of the prisoners who signed the exhibit attached to Davis's complaint wish to bring a similar claim regarding prison conditions, the prisoner should, after exhausting his administrative remedies, file his own separate lawsuit on the standard form and pay his own filing fee or submit his own *in forma pauperis* application.

Accordingly, **IT IS ORDERED** that Davis's motion to proceed *in forma pauperis*, R. Doc. 6 is **DENIED**.

**IT IS FURTHER ORDERED** that Davis's motion for an extension of time, R. Doc. 7, is **DENIED** as unnecessary.

New Orleans, Louisiana, this 9th day of April, 2026.


EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

5